DE GUAN YU, Petitioner,

v.

Peter D. KEISLER, Acting United States Attorney General,[1] Board of Immigration Appeals, Respondents.

No. 07–1213–ag.

United States Court of Appeals, Second Circuit.

Oct. 31, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Henry Zhang, Zhang and Associates, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Acting Attorney General and former Assistant Attorney General, Civil Division; Lisa Arnold, Senior Litigation Counsel; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

De Guan Yu, a citizen of the People's Republic of China, seeks review of a March 6, 2007 order of the BIA affirming the October 14, 2005 decision of Immigration Judge ("IJ") Michael W. Straus, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Guan Yu,* No. A77 317 132 (B.I.A. Mar. 6, 2007), *aff'g* No. A77 317 132 (Immig. Ct. Hartford Oct. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (*en banc*). Questions of law are reviewed *de novo. See Secaida–Rosales,* 331 F.3d at 307.

The IJ based his adverse credibility finding primarily on inconsistencies that arose between Yu's account of family planning policy enforcement in Fujian Province and corresponding State Department materials. Yu testified that all violators of the policy are automatically subject to forced abortions, without having the opportunity to pay a fine instead. The IJ found that this squarely contradicted the State Department reports that China's family planning policy in Yu's former residence of Fujian Province is generally enforced through pressure and fines, and only the sporadic use of forceful means. The IJ further noted Yu's wife's certificate of abortion, which Yu contended proved the forced procedure, but which the State Department materials indicate is only issued by hospitals at the patient's request following a voluntary abortion. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006) ("[T]he [State Department] profile in this case constituted a basis for the IJ to have found implausible [petitioner's] testimony that his wife's abortion—as evidenced by the certificate—was involuntary.").

The IJ also placed some reliance on substantial discrepancies between Yu's seaport interview with an Immigration Officer, on the one hand, and his asylum materials and testimony, on the other. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–82 (2d Cir.2004) (noting that such inconsistencies may be relied upon where the record of a port interview indicates

that it presents an accurate account of the interviewee's statements and was not conducted under coercive or misleading circumstances). In Yu's written asylum materials and in his testimony before the IJ, Yu stated that he left China on account of his wife's forced abortion and his opposition to China's family planning policy. The IJ found that this directly contradicted Yu's June 1, 2004 seaport interview statements that he fled China and feared repatriation because he "had a lot of debt."

Because the IJ's adverse credibility determination was based primarily on inconsistencies between Yu's and the State Department's descriptions of China's family planning policy, the IJ's analysis raises the question whether the IJ "excessively relied" on State Department materials and thus reached a determination unsupported by substantial evidence. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004) ("[T]he immigration court should be careful not to place excessive reliance on published reports of the Department of State."); *cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341–42 (2d Cir.2006) (reliance on State Department materials proper where not treated as binding or excessively relied upon); *Tu Lin*, 446 F.3d at 400 (finding State Department materials probative and proper basis for finding specific testimony implausible) (*citing Guan Shan Liao v. Dep't of Justice*, 293 F.3d 61, 71 (2d Cir.2002)).

■ We need not decide this question in the circumstances of this case, however, because we can confidently predict that, even assuming the IJ's analysis was flawed in some respects, remand would be futile as the agency would reach the same decision to deny Yu relief absent any er-

rors that were made. *See Xiao Ji Chen*, 471 F.3d at 338–39 (2d Cir.2006). We recently determined, sitting *en banc*, "that [IIRIRA § 601(a)] does not provide that a spouse—and *a fortiori*, a boyfriend or fiancé—of someone who has been forced to undergo, or is threatened with, an abortion or sterilization is automatically eligible for 'refugee' status." *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir.2007) (*en banc*). Rather, we found, the statutory scheme "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Id.* at 308. Here, Yu based his application for asylum entirely on his wife's alleged forced abortion. He did not allege that he suffered persecution or feared persecution based on his own resistance to the family planning policy. *See* 8 U.S.C. § 1101(a)(42). Yu is therefore ineligible for the relief he sought.[2]

Finally, because Yu did not challenge the IJ's denial of CAT relief in his brief to the BIA, we lack jurisdiction to review his challenge to that determination and dismiss the petition for review to that extent. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, Yu's pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** Judge Sotomayor continues to disagree with the majority opinion in *Shi Liang Lin* to the extent it applies beyond unmarried partners, *see Shi Liang Lin*, 494 F.3d at 327 (Sotoma-

yor, J., concurring), but she is bound by court precedent, *see United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir.2004).